IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 0:15-3610-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Alan Albright; Bracewell Guiliani; Ms. Katherine Ruemeller; Verizon, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**MOTION TO APPOINT COUNSEL:**

Plaintiff seeks the appointment of counsel in this case. (ECF No. 17.) Generally, there is no constitutional right to appointed counsel in civil actions. See, e.g., Mallard v. United States District Court, 490 U.S. 296, 302 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether to grant a litigant's request for appointment of counsel is within the discretion of the district courts. See Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel "is a privilege and not a right" and is "a matter within the discretion of the District Court"). Moreover, while the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." Cook, 518 F.2d at 780 (4th Cir. 1975). Whether exceptional circumstances exist turns "on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." Brock v. City of Richmond,

No. 92-6122, 1993 WL 5898, at *2 (4th Cir. Jan 14, 1993) (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296).

In this case, Plaintiff indicates that he has "limited capabilities for legal resources," but "will assist as co-counsel" if an attorney is appointed. (ECF No. 17 at 1.) As Plaintiff has shown his ability to file motions in this case and asserts the capability of representing his interests in this lawsuit, the court finds that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. See Whisenant, 739 F.2d at 163. Accordingly, Plaintiff's motion for a discretionary appointment of counsel is denied. (ECF No. 17.)

**MOTION TO DISMISS CONDITIONALLY**:

Plaintiff also files a motion requesting dismissal of this "cause if counsel is not appointed for him, or to allow him to re-litigate the cause within one year as allowed under Federal Rules of Procedure."[1] (ECF No. 26.) As discussed above, the court finds that appointment of counsel is not justified in this case. Therefore, Plaintiff's motion to voluntarily dismiss this case is granted. (ECF No. 26.)

---

[1] The court notes that nothing in this order extends the applicable statute of limitations for the claims raised in this case.

Page 2 of 4



**PENDING MOTIONS**:

In light of this order, Plaintiff's other pending motions in this case (ECF Nos. 2, 13, 14, 25) are terminated as moot.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 27, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION—PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2, Fed. R. Civ. P., provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

   **(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
   **(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
   **(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
   **(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e)(Protective Orders).